# UNITED STATES DISTRICT COURT
# DISTRICT OF VERMONT

| | |
|---|---|
| ARTHUR PROVENCHER, MICHAEL McGUIRE and RONALD MARTEL, individually and on behalf of similarly situated individuals, | Court File No. 2:22-cv-00198 |
| Plaintiffs, | |
| v. | |
| BIMBO BAKERIES USA, INC.; BIMBO FOODS BAKERIES DISTRUBUTION LLC, | |
| Defendants. | |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION
TO DEFENDANTS' MOTION TO FILE A SUR-REPLY BRIEF IN FURTHER
OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIM**

i

## I.   INTRODUCTION

The Court should deny Defendants' motion for leave to file a sur-reply because they cannot demonstrate that Plaintiffs raised a new argument in their reply brief. Defendants Bimbo Bakeries USA, Inc. and Bimbo Foods Bakeries Distribution LLC ("Bimbo") filed a counterclaim against Plaintiffs Arthur Provencher, Michael McGuire and Ronald Martel alleging unjust enrichment. ECF No. 18. Plaintiffs moved to dismiss Bimbo's counterclaim. ECF No. 31. Bimbo then filed an opposition to Plaintiffs' motion and Plaintiffs, in turn, filed a reply. ECF Nos. 34 & 36. Bimbo now asks this Court to allow it a second (and third) bite at the apple by granting them leave to file a sur-reply brief in opposition to Plaintiffs' motion to dismiss. The Court should deny Bimbo's motion because it has failed to demonstrate that it is entitled to a sur-reply.

## II.   ARGUMENT

### A.   The Plaintiffs Did Not Raise the Recission Argument for the First Time in Their Reply Brief.

The "Local Rules do not authorize sur-replies." *Burke v. Baker*, No. 5:21-CV-265-GWC-KJD, 2023 WL 1801927 (D. Vt. Feb. 7, 2023), *report and recommendation adopted*, No. 5:21-CV-265, 2023 WL 2423232 (D. Vt. Mar. 9, 2023). But courts do have discretion to consider them. *Id.* A sur-reply is appropriate when "'a party demonstrates to the court that the papers to which it seeks to file a reply raise new issues which are material to the disposition of the question before the court.'" *Sec. & Exch. Comm'n v. Xia*, No. 21CV5350PKCRER, 2022 WL 2784871 at *1 (E.D.N.Y. July 15, 2022) (citing *United States v. Int'l Bus. Machines Corp.*, 66 F.R.D. 383, 384 (S.D.N.Y. 1975)).

The courts of "this circuit grant leave to file sur-replies sparingly." *Id.* The Court should not depart from this precedent because Bimbo has not shown that it is entitled to a sur-reply. Bimbo asks the Court to permit it to rehash arguments that it had ample opportunity to brief in its

1

Opposition. The Court should refuse because Bimbo raised arguments regarding the rescission of the Distribution Agreements at issue on, at least, five separate occasions in its Opposition. ECF No. 34. In turn, Plaintiffs rebutted these arguments in their Reply, as is their right. ECF No. 36. Plaintiffs did not, as Bimbo contends in its Motion, raise the argument that the "Counterclaim fails as a matter of law . . . because [it] failed to plead an independent cause of action for rescission," for the first time in their Reply. ECF No. 38 ¶3. Rather, Plaintiffs *responded* to the rescission arguments that Bimbo raised in its Opposition. Bimbo itself admits that it did raise the rescission argument in its Opposition. ECF No. 38 n. 2. This admission is fatal to Bimbo's contention that it is entitled to a sur-reply. The Court should deny Bimbo's Motion and refuse to consider its sur-reply.

    **B.**    **Bimbo is not Entitled to a Sur-Reply, Even if it Were True the Plaintiffs Made Misstatements of Fact or Law in Their Reply.**

Bimbo further argues that Plaintiffs "misrepresent[ed] arguments raised in [Bimbo's] Opposition and its legal authorities" and thus it should be permitted to submit a sur-reply. ECF No. 38 ¶¶4–5. Apart from being incorrect, Bimbo's contention, even if taken at face value, does not then permit it to submit a sur-reply. Again, a court should only grant leave to file a sur-reply when a party raises an argument, for the first time, in a reply brief. *Xia* 2022 WL 2784871 at *1.

Here, Bimbo does not even attempt to contend that the arguments that it takes issue with were raised for the first time in Plaintiffs' Reply. Rather, Bimbo pleads for another bite at the apple and baldly claims that it is entitled to a sur-reply simply because it disagrees with Plaintiffs' arguments and wants another chance to address them. ECF No. 38 ¶4. The Court should not reward

Defendants for failing to make the arguments that they wished to make at the appropriate time.

Plaintiffs respectfully request that this Court deny Bimbo's Motion for Leave to File a Sur-Reply.

Respectfully submitted,

/s/ Shawn J. Wanta  
Shawn J. Wanta, *pro hac vice*  
Scott Moriarity, *pro hac vice*  
Nicholas P. DeMaris, *pro hac vice*  
WANTA THOME PLC  
100 South Fifth Street, Suite 1200  
Minneapolis, MN 55402  
Telephone: (612) 252-3570  
Fax: (612) 252-3571  
samoriarity@wantathome.com  
sjwanta@wantathome.com  
npdemaris@wantathome.com  

/s/ Merrill E. Bent  
Merrill E. Bent  
WOOLMINGTON, CAMPBELL,  
BENT & STASNY, P.C.  
4900 Main Street  
P.O. Box 2748  
Manchester Center, VT 05255  
Telephone: (802) 362-2560  
Fax: (802) 362-7109  
merrill@greenmtlaw.com