IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| ARTHUR PROVENCHER, MICHAEL McGUIRE, and RONALD MARTEL, individually and on behalf of all similarly situated individuals,<br><br>   Plaintiffs,<br><br>  v.<br><br>BIMBO BAKERIES USA, INC. and BIMBO FOODS BAKERIES DISTRIBUTION LLC,<br><br>   Defendants. | Civil Action No. 2:22-cv-00198<br><br>Judge William K. Sessions |

**DEFENDANTS' RESPONSE TO THE ACTING SECRETARY'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF HER MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM**

On October 24, 2023, the Department of Labor ("DOL") filed a notice of supplemental authority in support of its Motion to Dismiss Defendants' Counterclaim (ECF No. 52) in which DOL argues that the opinion in *Campbell v. Marshall Int'l, LLC*, No. 20-5321, 2023 WL 6795700 (N.D. Ill. Oct. 13, 2023), supports dismissal of Defendants' counterclaim. It does not. *Campbell* is one of several decisions that DOL has cited in which dance clubs alleged breach of contract counterclaims against exotic dancers who brought independent contractor misclassification claims against them. *See* ECF 51 at 4-7. In these unique cases, the dance clubs typically paid the exotic dancers ***nothing*** and, therefore, the dance clubs could not and did not claim, as Defendants lawfully claim here, that the plaintiffs were unjustly enriched by past amounts paid by the defendant. *Campbell*, 2023 WL 6795700, at *1-2; *see also Wagoner v. N.Y.N.Y., Inc.*, No. 14-480, 2015 WL 1468526, at *1-2 (S.D. Ohio Mar. 30, 2015); *De Angelis v. Nat'l Ent. Grp., LLC*, No. 17-924, 2018 WL 4334553, at *1 (S.D. Ohio Sept. 11, 2018); *Desio v. Russell Rd. Food & Beverage, LLC*, No.

15-01440, 2016 WL 4721099, at *1 (D. Nev. Sept. 9, 2016); *Jones v. JGC Dallas LLC*, No. 11-2743, 2012 WL 4119570, at *1 (N.D. Tex. Aug. 17, 2012), *report and recommendation adopted*, No. 11-2743, 2012 WL 4169685 (N.D. Tex. Sept. 19, 2012).  Moreover, in *Campbell*, the dance club alleged breach of contract claims that have no bearing here.  The Court merely held that the dance club could not bring breach of contract counterclaims premised upon contractual provisions that purported to make filing an FLSA claim a breach of the agreement.  2023 WL 6795700, at *2.  It is telling that, contrary to DOL's position in this case, the Court properly did not hold that **all** counterclaims are barred in FLSA cases.  Rather, the court analyzed the defendant's other breach of contract counterclaims on the merits.  *Id.*  Neither *Campbell* nor the other exotic dancer cases support dismissal of the unjust enrichment counterclaim pled here.

| Dated:  November 3, 2023 | /s/   *Elizabeth K. Rattigan* |
|---|---|
|  | **MORGAN, LEWIS & BOCKIUS LLP**<br>Keri L. Engelman*<br>Mary Grace Parsons*<br>One Federal Street<br>Boston, MA 02110-1726<br>(617) 951-8000<br>keri.engelman@morganlewis.com<br>marygrace.parsons@morganlewis.com<br><br>Michael J. Puma*<br>1701 Market St.<br>Philadelphia, PA 19103-2921<br>(215) 963-5000<br>michael.puma@morganlewis.com<br><br>**DOWNS RACH LIN MARTIN PLLC**<br>Elizabeth K. Rattigan<br>199 Main Street<br>Burlington, VT 05401<br>(802) 846-8373<br>Fax:  (802) 862-7512<br>erattigan@drm.com<br><br>*\* Admitted Pro Hac Vice*<br>*Attorneys for Defendants* |

## CERTIFICATE OF SERVICE

    I hereby certify that on November 3, 2023, a copy of the foregoing Response to the Acting Secretary's Notice of Supplemental Authority in Support of her Motion to Dismiss Defendants' Counterclaim was filed electronically and served upon all counsel of record via operation of the Court's CM/ECF System or by mail upon anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF System.

                                                      */s/ Elizabeth K. Rattigan*
                                                      Elizabeth K. Rattigan

22386819.1